# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH J. RASTOVSKI,

    Appellant,

     v.

OFFICE OF PERSONNEL
 MANAGEMENT,

    Agency.

DOCKET NUMBER
CH-844E-13-0473-I-1

DATE: August 26, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jonathan C. Goldman</u>, Esquire, Chicago, Illinois, for the appellant.

<u>Matthew D. MacIsaac</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision denying his application for Federal Employees' Retirement System (FERS) disability retirement. Generally, we grant petitions such as this one only when:

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to correct the administrative judge's errors in the initial decision that the appellant raised on review, but we conclude that none of these errors warrants a different outcome. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant, an Electrical Worker at a Naval Station, filed for disability retirement in June 2012 based on numerous medical conditions, including, but not limited to, "ligament, muscle, tendon, trunk, external, multiple sites–lower back, hip, leg," although he did not specify any condition affecting those tissues or areas. Initial Appeal File (IAF), Tab 5 at 34-121. OPM denied the appellant's application in initial and reconsideration decisions. *See id.* at 6-8 (reconsideration decision), 27-31 (initial decision). The appellant filed a Board appeal. IAF, Tab 1. A telephonic hearing was held. Hearing CD. The administrative judge issued an initial decision, affirming OPM's reconsideration decision. IAF, Tab 11, Initial Decision (ID). The appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM did not file a response.

¶3    On review, the appellant contends that the administrative judge: (1) misstated the appellant's testimony regarding a May 5, 2012 meeting; (2) improperly disregarded a letter from the appellant's second-level supervisor; (3) erred in finding that the appellant's conditions did not preclude him from performing his job; (4) misapplied the law regarding accommodation; and (5) failed to consider the appellant's inability to pay for treatment. For the following reasons, we affirm the initial decision as modified herein.

¶4    An employee must show the following to be eligible for a disability retirement annuity under FERS: (1) he completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) he did not decline a reasonable offer of reassignment to a vacant position. *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013) (citing 5 U.S.C. § 8451(a); *Thorne v. Office of Personnel Management*, 105 M.S.P.R. 171, ¶ 5 (2007); 5 C.F.R. § 844.103(a)). The appellant bears the burden of persuasion by a preponderance of the evidence in an appeal from OPM's decision on a voluntary disability retirement application. *Chavez v. Office of Personnel Management*, 6 M.S.P.R. 404, 417 (1981).

¶5    It was undisputed that the appellant had more than 18 months of creditable FERS service. Moreover, there is no evidence that he declined a reasonable offer of reassignment. In the initial decision, the administrative judge found that the appellant presented no medical evidence to support his claim that he was disabled for the numerous medical conditions. ID at 4. Other than twice mentioning a

"disabling" shoulder condition, PFR File, Tab 1 at 4, 19 n.5, the appellant does not make any argument on review to challenge the administrative judge's conclusion in this regard, and we affirm the initial decision concerning these conditions.

¶6    The appellant's entitlement to the FERS disability retirement annuity based on his back condition, which we understand to be his reference to "ligament, muscle, tendon, trunk, external, multiple sites – lower back, hip, leg," IAF, Tab 5 at 34, depends on whether he met his burden to prove that: (1) this condition rendered him unable to perform useful and efficient service in his position; (2) the disabling condition lasted for more than 1 year from the date that he filed his disability application; and (3) an accommodation of the condition was unreasonable.

¶7    The initial decision reflects the administrative judge's consideration of the record evidence related to his back condition, including the appellant's position description, medical and other documentary evidence, the appellant's testimony regarding his disability and pain, and the testimony of Burt Schell, M.D., an orthopedic surgeon who treated the appellant. ID at 3-10. Based on the administrative judge's consideration of this evidence, she found that the appellant failed to establish his entitlement to a FERS disability retirement annuity. In pertinent part, she found that he did not provide sufficient medical documentation to show that his condition prevented him from performing useful and efficient service in the Electrical Worker position. *See* ID at 9-10. We have considered the appellant's arguments on review.

¶8    Regarding the appellant's argument that the administrative judge erred in finding that his condition did not preclude him from performing his job as an Electrical Worker, we note that the position description states that the incumbent must be able to "walk, stoop, squat, kneel, climb[,] and work from ladders, scaffolding[,] or platforms" and will "*occasionally* be required to lift up to 30 pounds." IAF, Tab 5 at 41-44 (emphasis added). The May 14, 2012 note written

by Dr. Schell stated that the appellant could not lift more than five pounds, and he could not bend or stoop, but it did not impose any restrictions on pushing/pulling and it stated that he could walk or stand "as tolerated." *Id.* at 17. In response to a question during his June 2013 testimony regarding whether the appellant was precluded from performing the duties of an Electrical Worker, Dr. Schell stated only that the appellant's duties would cause "ongoing aggravation" of his pain, but he did not state or imply that the appellant's back condition was or is disabling. *See* Hearing CD. We also have considered the appellant's testimony, in which he stated, on the morning of the hearing, that his pain level was at an 8 out of 10 and that he believed that his condition prevented him from performing the duties of the Electrical Worker position. *Id*.; *see Christopherson*, 119 M.S.P.R. 635, ¶ 13 (noting that an employee's subjective evidence of disability is entitled to consideration and weight in a disability retirement case when it is supported by competent medical evidence). We note, however, that the appellant's most recent medical documentation, dated April 2013, did not impose any restrictions or limitations on his activity. *See* IAF, Tab 6, Exhibit C. Based on our review of the record, we agree with the administrative judge that the appellant has not demonstrated that his back condition was disabling.

¶9    We also have considered the appellant's contention that the administrative judge improperly disregarded the statement of the appellant's second-level supervisor, which stated that the appellant resigned because of his "ongoing medical condition." PFR File, Tab 1 at 15-16; *see* IAF, Tab 8 (second-level supervisor's statement). In the initial decision, the administrative judge explained that she did not credit the second-level supervisor's statement because it was inconsistent with other evidence in the record. ID at 5-6 (citing *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987)). Indeed, the second-level supervisor's statement is inconsistent with the June 8, 2012 Supervisor's Statement and the appellant's resignation pursuant to a settlement agreement that

resolved the agency's removal action based on his alleged failure to maintain a condition of employment. *Compare* IAF, Tab 8, *with* IAF, Tab 5 at 36-37 (stating that the appellant stopped coming to work for "lack of [a] driver's license [which was] required for job position"[2]), *and* IAF, Tab 6, Exhibit B (October 2012 settlement agreement); IAF, Tab 5 at 11 (the appellant's resignation Standard Form 50). Moreover, the second-level supervisor's statement was not made under penalty of perjury, and it was written approximately 1 year after the appellant resigned from the agency. For these reasons, we agree with the administrative judge's decision not to credit the second-level supervisor's statement.

¶10    We modify the initial decision to correct certain errors made by the administrative judge in the initial decision. For instance, the appellant correctly notes that the administrative judge erred when she stated that the appellant "testified" that his supervisor told him on May 5, 2012, that he should not report for duty until he resolved the problem with his driver's license. PFR File, Tab 1 at 13-15; *see* ID at 5. Rather, the appellant testified that he was told by his supervisor not to report for duty but that he should call in to see if there was any work to be done. *See* Hearing CD. The administrative judge's error in this regard does not warrant a different outcome because she correctly stated elsewhere in the initial decision that the appellant testified that his supervisor "told him to go home until they had work for him." *See* ID at 4-5.

¶11    The appellant contends on review that the administrative judge's error in this regard is "substantial" because she improperly viewed the appellant's

---

[2] We note that the Supervisor's Statement appears to contain a discrepancy. The appellant's supervisor stated therein that the appellant was returned to a "permanent job" on March 28, 2012. *See* IAF, Tab 5 at 37. It is unclear what the supervisor means by the term "permanent job" in this context, but the record reflects that the appellant's doctors placed restrictions on his activity after this date. *See, e.g.*, *id.* at 17 (May 14, 2012 note, which imposed lifting/carrying and bending/stooping restrictions, and permitted walking/standing "as tolerated"), 96 (April 19, 2012 note, which stated that the appellant was "working only light duty"). We need not resolve this discrepancy in order to render a decision in this matter.

resignation as a means to resolve the pending dispute regarding the driver's license, and her "misconception" of the record "led her to believe that the [a]ppellant had retired in order to resolve the issue with his driver's license, when in reality, the situation was the other way around." PFR File, Tab 1 at 14 (citing ID at 5-6). Based on our review of the record, including the terms of the parties' settlement agreement, *supra* ¶ 9, we discern no error with the administrative judge's finding that the appellant resigned to settle a removal action for cause, *see* ID at 6.

¶12        To the extent that the administrative judge stated in the initial decision that the appellant has not shown that his condition(s) prevented him from being assigned to another position, ID at 9, the appellant correctly notes that such a burden should not be placed on a disability retirement applicant, PFR File, Tab 1 at 19-20 (citing *Craig v. Office of Personnel Management*, 92 M.S.P.R. 449, ¶ 15 (2002)). We therefore modify the initial decision in this regard.

¶13        We have also considered the appellant's contention that the administrative judge failed to consider the appellant's inability to pay for treatment. PFR File, Tab 1 at 21-22. The administrative judge noted in the initial decision that the appellant did not follow Dr. Schell's treatment plan because he did not have the epidural steroid injection or physical therapy, and she also found that the appellant failed to establish that his condition could not be treated. *See* ID at 7-10. The administrative judge did not specifically mention the appellant's testimony that he could no longer afford such treatment because he did not have insurance. *See* Hearing CD. The appellant properly notes on review that the Board will not find that an individual has refused treatment where the evidence shows he cannot afford it. PFR File, Tab 1 at 21-22 (citing *Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶ 22 (2009)). Even if the

administrative judge erred in this regard,[3] it is an adjudicatory error that is not prejudicial to the appellant's substantive rights and provides no basis for reversal of the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). For the reasons discussed above and in the initial decision, we are not persuaded that the appellant's back condition rendered him unable to perform useful and efficient service in the Electrical Worker position.

¶14      In light of our disposition, we need not address the appellant's argument regarding the administrative judge's analysis of the accommodation issue. *See* PFR File, Tab 1 at 19-21.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[3] Dr. Schell testified that an epidural injection would not be a permanent solution. *See* Hearing CD. Moreover, the April 8, 2013 medication documentation does not include a recommendation for either an epidural injection or physical therapy. *See* IAF, Tab 6, Exhibit C.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.